IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE


NATIONWIDE PROPERTY &
CASUALTY INSURANCE CO.
and
NATIONWIDE MUTUAL
INSURANCE CO.,

    Plaintiffs,

v.                                    Civil Action No: 7:14-00516


KELLEE NICHOLE JACOBSEN,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on defendant's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(7). (Doc. No. 11). For the reasons that follow, the court **DENIES** defendant's motion.

**I.    Background**

The instant dispute arises out of an automobile accident that occurred on December 8, 2013. On that date, defendant was riding in a Hyundai Elantra driven by Krista Crennan in Arlington County, Virginia. (Doc. No. 1 at Exh. 5). In snowy conditions, a car driven by Gerald Deshunn Newsome crossed the median and struck Crennan's Elantra head-on. Id. Defendant

1

sustained multiple injuries in the accident, including sacral fractures, a right elbow fracture, and a right collarbone fracture. Id.

Months earlier, in February 2013, defendant's father contracted with Nationwide agents to purchase automobile insurance and umbrella insurance coverage for his family. (Doc. No. 12.) The insurance coverage afforded no fewer than five hundred thousand dollars ($500,000.00) in coverage, which included expenses for medical payments as well as uninsured and underinsured motorist (hereinafter "UM/UIM") coverage. (Doc. No. 1). Defendant already has claimed medical expense benefits in connection with the injuries she sustained in the accident. (Doc. No. 12).

In June 2014, defendant initiated litigation in the Eastern District of Virginia against Newsome to recover damages as a result of the accident. (Case No. 1:14-cv-67). In connection with the litigation, defendant sought UM/UIM coverage from plaintiffs. (Doc. No. 1). As a result, plaintiffs filed the instant suit, seeking a declaratory judgment ordering that plaintiffs have no obligation to provide insurance coverage or benefits to defendant. (Doc. No. 1). Defendant counterclaims for a declaratory judgment, as well, seeking an order that she is entitled to UM/UIM coverage and medical expense benefits. (Doc. No. 12).

**II. Defendant's Motion to Dismiss Under Rule 12(b)(7)**

Defendant has filed a motion to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(7), arguing that plaintiffs have failed to join an indispensible party. (Doc. No. 11). Citing the Supreme Court of Virginia's decision in Erie Insurance Group v. Hughes, 393 S.E.2d 210 (Va. 1990), defendant argues that plaintiffs' suit should be dismissed because they have not joined Newsome, the alleged tortfeasor in the underlying accident. Plaintiffs respond that Newsome is neither a necessary nor indispensible party, and, even if this court found Newsome to be either, the appropriate remedy would be to order plaintiffs to join Newsome, not dismissal.

**1. Standard of Review**

Rule 12(b)(7) allows dismissal of a claim for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). Under Rule 19, a court must determine whether a party is "necessary" or "indispensible," engaging in a two-step inquiry. Owens-Ill., Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). Initially, a court must determine "'whether a party is necessary to a proceeding because of its relationship to the matter under consideration' pursuant to Rule 19(a)." Id. (quoting Teamsters Local Union No. 171 v. Keal Driveway Co., 173 F.3d 915, 917–18

3

(4th Cir. 1999)).  If a court determines that a party is necessary, it must order joinder.  Id.

In certain instances, a party's joinder destroys diversity jurisdiction, in which case a court must move to step two of the inquiry and determine whether the party is indispensible under Rule 19(b) such that the proceeding cannot continue in the party's absence.  In this case, Newsome's joinder would not destroy diversity, as he is a citizen of Maryland.  Therefore, if this court finds Newsome's presence to be necessary in this suit, it need not engage in an indispensible party analysis.  Notably, the party asserting the Rule 12(b)(7) defense bears the burden of showing that a person who has not been joined is a necessary and indispensible party.  Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005).

### 2. Analysis

The court begins its analysis by determining whether Newsome is a necessary party to this action.  Under Rule 19(a), there are two situations where a court may order joinder of a necessary party:  (1) if, "in that person's absence, the court cannot accord complete relief among existing parties;" and (2) if the person's absence would "impair or impede the person's ability to protect [his] interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or

4

otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

In this case, defendant relies on the Supreme Court of Virginia's holding in <u>Hughes</u> to argue that Newsome is a necessary party. As eloquently summarized in <u>Trigo v. Travelers Commercial Insurance Company et al.</u>, 2010 WL 3521759, No. 3:10-cv-00028 (W.D. Va., Sept. 7, 2010) (Moon, J.), the Supreme Court of Virginia sustained Erie's jurisdictional challenge in <u>Hughes</u> when the plaintiff sued both her own insurance company and Erie, the tortfeasor's insurance company. 393 S.E.2d at 210, 212. Each insurance company refused plaintiff's claims and she sought declaratory relief, which Erie challenged. <u>Id.</u> Because the plaintiff sought a determination of the rights owed to her by the tortfeasor's insurance company, the tortfeasor was a necessary party to the action. <u>Id.</u>; 2010 WL 3521759, No. 3:10-cv-00028, at *7. And, because plaintiff had not joined the tortfeasor in her suit, the court could not bind all parties with its result. <u>Id.</u>

However, Newsome's absence from the present case will not prevent the action from reaching a sufficient conclusion. The parties in the instant dispute do not seek a determination of the benefits owed to defendant by Newsome's insurance policy. Instead, the parties seek a determination of plaintiffs' duties to defendant under the Jacobsens' policy. As Newsome was not a

5

party to this policy and the adjudication of UM/UIM policy coverage is independent of any potential liability that may be fixed upon Newsome, his absence will not impair his ability to protect his interests or leave him subject to a substantial risk of incurring multiple or inconsistent obligations.  See also Trigo, 2010 WL 3521759, No. 3:10-cv-00028; Lloyd v. Travelers Prop. Cas. Ins. Co., 699 F. Supp. 2d 812 (E.D. Va. 2010).  Accordingly, the court finds that Newsome is not a necessary party.  As a result, defendant's motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) is **DENIED.**

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 12th day of January, 2015.

Enter:

*David A. Faber*
David A. Faber
Senior United States District Judge