```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF VIRGINIA
              AT ROANOKE
```

```
NATIONWIDE PROPERTY &
CASUALTY INSURANCE CO.
and
NATIONWIDE MUTUAL
INSURANCE CO.,

      Plaintiffs,

v.                              Civil Action No: 7:14-00516


KELLEE NICHOLE JACOBSEN,

      Defendant.
```

### MEMORANDUM OPINION AND ORDER

Pending before the court are Craig Jacobsen's motion for leave to intervene, (Doc. No. 35), and defendant's motion for leave to amend her counterclaim. (Doc. No. 36). For the reasons that follow, both motions are **GRANTED**.

### I.   Factual Background

The instant dispute arises out of an automobile accident that occurred on December 8, 2013. On that date, defendant was riding in a Hyundai Elantra driven by Krista Crennan in Arlington County, Virginia. (Doc. No. 1 at Exh. 5). In snowy conditions, a car driven by Gerald Deshunn Newsome crossed the median and struck Crennan's Elantra head-on. Id. Defendant

1

sustained multiple injuries in the accident, including sacral fractures, a right elbow fracture, and a right collarbone fracture. Id.

Months earlier, in February 2013, defendant's father, Craig Jacobsen, contracted with Nationwide agents to purchase automobile insurance and umbrella insurance coverage for his family. (Doc. No. 12.) The insurance coverage afforded no fewer than five hundred thousand dollars ($500,000.00) in coverage, which included expenses for medical payments as well as uninsured and underinsured motorist (hereinafter "UM/UIM") coverage. (Doc. No. 1).

In June 2014, defendant initiated litigation in the Eastern District of Virginia against Newsome to recover damages as a result of the accident. (Case No. 1:14-cv-67). In connection with the litigation, defendant sought UM/UIM coverage from plaintiffs. (Doc. No. 1). As a result, plaintiffs filed the instant suit, seeking a declaratory judgment ordering that plaintiffs have no obligation to provide insurance coverage or benefits to defendant. (Doc. No. 1). Defendant counterclaims for a declaratory judgment, as well, seeking an order that she is entitled to UM/UIM coverage and medical expense benefits. (Doc. No. 12).

## II. Motion for Leave to Intervene

Defendant's father, Craig Jacobsen, moves the court for leave to intervene in this action under Federal Rule of Civil Procedure 24(b). Jacobsen argues that his intervention is appropriate because the court will determine the existence of UM/UIM coverage on one or more policies of insurance issued to him and other members of his family. (Doc. No. 35 at 1). Plaintiffs oppose the intervention and argue that the only issue before the court is whether defendant, rather than Jacobsen, may claim coverage. (Doc. No. 39 at 1-2).

Federal Rule of Civil Procedure 24 governs intervention and provides for both mandatory and permissive intervention. Under Rule 24(a), a court must permit intervention where federal statute gives a party the unconditional right to intervene or where a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." (2015). In this case, Jacobsen has not cited a federal statute providing him with an unconditional right to intervene, nor does he claim that his interest is so situated that disposing of the instant suit might impair his ability to protect his interest.

3

As a result, mandatory intervention under Rule 24(a) is unwarranted.

Rule 24(b) governs permissive intervention and allows the court, "at its discretion, to permit anyone to intervene who 'has a claim or defense that shares with the main action a common question of law or fact.'" Linkous v. Am. Alternative Ins. Corp., Civil Action No. 7:11-cv-278, 2011 WL 4894233, at *3 (W.D. Va. Oct. 13, 2011) (quoting Fed. R. Civ. P. 24(b)(1)(B)). "In this context, a claim or defense generally refers to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." Diamond v. Charles, 476 U.S. 54, 76-7 (1986) (O'Connor, J., concurring in part and dissenting in part) (internal quotation marks omitted).

Furthermore, courts must analyze the timeliness of a party's proposed intervention under Rule 24, which explicitly requires a timely motion. Our Court of Appeals has outlined three factors that govern the question of timely intervention: "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." Alt v. United States E.P.A., 758 F.3d 588, 591 (4th Cir. 2014). At its core, the timeliness requirement prevents "a tardy intervenor

4

from derailing a lawsuit within sight of the terminal." Id. (internal citations omitted).

Having examined Jacobsen's motion to intervene, the court concludes that his intervention is appropriate because he presents a claim before the court sharing common questions of law or fact as those presented by defendant. Jacobsen himself negotiated purchase of the insurance policies at issue in this case. When he did so, he sought policies that would provide UM/UIM coverage for himself, his wife, and their four children, including defendant. Defendant and Jacobsen are named together on at least two of the policies: policy numbers 5345V644637 and 5345V644638. Plaintiffs claim that defendant was not a named insured under the policies at issue and request a judgment that they have no obligation to provide UM/UIM coverage for defendant. Any judgment the court renders will almost certainly affect Jacobsen's rights as well, as he is also named under these policies. Therefore, his intervention is appropriate.

The court further finds that Jacobsen's intervention is timely. The litigation has not progressed to the point where Jacobsen's intervention would derail the process or prejudice plaintiffs. The parties have not yet concluded discovery nor have they filed dispositive motions. The court notes that Jacobsen has not provided a reason for his delay in moving to

5

intervene, but finds that the factors in support of his
intervention outweigh this omission.  Accordingly, Jacobsen's
motion to intervene is granted.

### III. Motion for Leave to Amend

Additionally, defendant moves the court for leave to amend
her counterclaim.  (Doc. No. 36).  In her motion, defendant
represents that "discovery and investigation have revealed the
existence of additional causes of action based on the same
operative facts as alleged in the original counterclaim."  Id.
at ¶ 2).  Plaintiffs oppose defendant's proposed amendment,
arguing that amendment would require new discovery deadlines and
that the interests of justice do not favor amendment.  (Doc. No.
38 at 1–2).

Federal Rule of Civil Procedure 15 governs the amendment of
pleadings.  Rule 15(a)(1) provides a plaintiff with an
opportunity to amend his or her complaint once as a matter of
course, subject to certain time limitations.  Rule 15(a)(2), on
the other hand, provides that "[i]n all other cases, a party may
amend its pleading only with the opposing party's written
consent or the court's leave.  The court should freely give
leave when justice so requires."

As the Fourth Circuit has explained, "A district court may
deny a motion to amend when the amendment would be prejudicial

6

to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." Id. at 427 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)). Granting leave to amend a complaint is futile when the proposed amendment is "clearly insufficient or frivolous on its face." Oroweat Foods Co., 785 F.2d at 510.

Having reviewed defendant's proposed amended counterclaim, (Doc. No. 35 at Exh. A), the court concludes that amendment is appropriate in the interest of justice. Initially, the court notes that defendant may not amend her counterclaim as a matter of course under Rule 15(a)(1), as the deadlines for such an amendment have passed. However, defendant may employ Rule 15(a)(2) to amend her counterclaim. The court finds that defendant's proposed amended counterclaim would not prejudice plaintiffs because her new claims find their bases in the same issues raised in her original counterclaim. Defendant does not offer new legal theories that would require additional discovery. The court further notes that the parties have not

7

yet reached the deadline for discovery, offering plaintiffs additional opportunities to explore and defend defendant's new claims. Finally, it does not appear that defendant has acted in bad faith and, having reviewed her amended counterclaim, the court concludes that amendment would not be futile. Accordingly, the court grants leave for defendant to amend her counterclaim.

### IV. Conclusion

For the foregoing reasons, the court **GRANTS** the motion to intervene filed by Craig Jacobsen, (Doc. No. 35), and defendant's motion to amend her counterclaim. (Doc. No. 36). Defendant is **DIRECTED** to file the amended counterclaim. The Clerk is **DIRECTED** to add Craig Jacobsen to this action as a defendant. The Clerk is further **DIRECTED** to send copies of this Order to all counsel of record.

**IT IS SO ORDERED** this 10th day of July, 2015.

Enter:

*David A. Faber*
David A. Faber
Senior United States District Judge