IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE

NATIONWIDE PROPERTY &
CASUALTY INSURANCE CO.
and
NATIONWIDE MUTUAL
INSURANCE CO.,

      Plaintiffs,

v.                             Civil Action No: 7:14-00516


KELLEE NICHOLE JACOBSEN
and
CRAIG JACOBSEN,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court are defendants' second motion to compel, (Doc. No. 62), and defendants' motion to conduct deposition of Don Hodson. (Doc. No. 66). For those reasons stated on the record at the court's teleconference on October 14, 2015, both motions are **GRANTED**.

**I.   Defendants' Second Motion to Compel**

Plaintiffs' responses to defendants' supplemental document requests, served on plaintiffs on May 13, 2015, are unsigned. (Doc. No. 62, Exh. F at 6). Plaintiffs have not promptly supplied a signature after defendants called this omission to their attention. Therefore, pursuant to Federal Rule of Civil

Procedure 26(g)(2), the court must strike these responses.

Accordingly, the court **ORDERS** the following:

1.   Plaintiffs must submit responses to defendants'
supplemental document requests on or before **October 23, 2015.**

2.   If plaintiffs object to any of defendants' requests
for production, plaintiff must specify in particular terms the
grounds for any objection.

3.   If plaintiffs respond to defendants' requests by
asserting that they have already provided such documents,
plaintiffs must specify which documents respond to these
requests by citing to specific Bates Numbers.

4.   If plaintiffs respond that certain documents are
unavailable, plaintiffs must set forth their claim explicitly
and specify whether certain documents never existed or if they
existed at one point but were subsequently destroyed.

## II.   Defendants' Motion to Compel

The court further finds that plaintiffs have failed to
comply with the court's order dated August 14, 2015 ordering
them to submit a privilege log that complies with the Federal
Rules of Civil Procedure.  In that order, the court detailed the
many ways in which plaintiffs' privilege log was deficient and
specifically stated that "plaintiffs listed a number of
documents withheld as 'reserving information' and 'litigation

2

expenses.' **These are not privileges.**"  (Doc. No. 57 at 10)

(emphasis added).  However, in plaintiffs' third amended

privilege log, plaintiffs, for the third time, withhold

documents under the "privilege" of "reserving information"

and/or "litigation expenses."  (Doc. No. 61 at 15-20).

Furthermore, the court specifically stated in its order

that only those documents created after plaintiffs denied

coverage to defendant Kellee Jacobsen are protected under the

work product doctrine.  (Doc. No. 57 at 13).  Yet plaintiffs'

third amended privilege log withholds documents dating back to

December 2013, months before plaintiffs decided to deny coverage

to Kellee Jacobsen, as withheld under the non-existent

"reserving information" privilege.

This is plaintiffs' third bite at the apple.  They either

failed to read the court's order or willfully disobeyed it.

Either way, this fourth attempt will be their last.  If

plaintiffs fail to submit a privilege log that complies with the

Federal Rules of Civil Procedure and this court's prior rulings,

the court will find that plaintiffs have waived any privilege to

these documents.  See Cappetta v. GC Services Ltd. P'ship, Civil

Action No. 3:08CV288, 2008 WL 5377934, at *4 (E.D. Va. Dec. 24,

2008) (citing Eureka Fin. Corp. v. Hartford Accident & Indemn.

Co., 136 F.R.D. 179, 184 (E.D. Cal. 1991)).  During the course

of this litigation, plaintiffs have repeatedly failed to follow the Federal Rules of Civil Procedure and the direct orders of this court. If plaintiffs fail to comply with this order, involuntary dismissal under Rule 41(b) may be appropriate. Accordingly, the court **ORDERS** the following:

1.    Plaintiffs are to submit to the court and to the defendants a privilege log that complies with the Federal Rules of Civil Procedure and the court's August 14, 2015 order, (Doc. No. 57), on or before **October 23, 2015.**

## III. Defendants' Motion for Deposition of Don Hodson

For those reasons placed on the record at the court's teleconference, defendants' motion for deposition is **GRANTED**. The court **ORDERS** the following:

1.    Defendants shall depose Don Hodson on or before **Saturday, October 24, 2015**.

2.    If defendants do not depose Hodson on or before this date, defendants are **ORDERED** to notify the court in writing, no later than **October 26, 2015**, as to the reason(s) they were unable to depose Hodson.

## IV.  Attorneys' Fees

An award of attorneys' fees is justified in this case. Under Federal Rule of Civil Procedure 37(a)(5)(A), when a court grants a party's motion to compel, the court must also, after

4

giving the opposing party an opportunity to be heard, award

reasonable expenses and attorneys' fees to the prevailing party.

Fed. R. Civ. P. 37(a)(5)(A) (2012).  There are three exceptions

to this rule that negate an award of attorneys' fees:

> (i)   the movant filed the motion before attempting in
>       good faith to obtain the disclosure or discovery
>       without court action;
> (ii)  the opposing party's nondisclosure, response, or
>       objection was substantially justified; or
> (iii) other circumstances make an award of expenses
>       unjust.

Id.; see also Sky Cable, LLC v. Coley, Civil Action No

5:11cv00048, 2015 WL 4873167, at *2 (W.D. Va. Aug. 12, 2015).

The court finds that the first exception does not apply.

Defendants' motions and corresponding exhibits have

demonstrated, in great detail, the numerous times that

defendants contacted plaintiffs and requested discovery.  In

each case, defendants have gone so far as to provide plaintiffs

with a copy of their motions to compel prior to filing them with

the court.  Accordingly, the defendants made a number of good

faith attempts to resolve the discovery disputes before

involving the court.

The second exception does not apply, either.  "A party

satisfies the 'substantially justified' standard 'if there is a

genuine dispute as to proper resolution or if a reasonable

person could think [that the failure to produce discovery is]

5

correct, that is, if it has a reasonable basis in law and fact.'" Branch v. Bank of Am., No. PWG-11-3712, 2013 WL 1742012, at *3 (D. Md. Apr. 22, 2013)(quoting Decision Insights, Inc. v. Sentia Grp., Inc., 311 F. App'x 586, 599 (4th Cir. 2009)). The court cannot find that plaintiffs' failure to disclose certain documents or provide a privilege log that complied with the Federal Rules of Civil Procedure was substantially justified.

The court has found plaintiffs' privilege log deficient three times. As described above the court specifically outlined the deficiencies in plaintiffs' privilege log in the court's August order, yet plaintiffs failed to remedy these deficiencies. Plaintiffs argue that they invested a number of hours in preparation of their second privilege log. (Doc. No. 59 at 2). However, plaintiffs cannot, in good faith, argue that they withheld pertinent documents believing that "reserving information" was a reasonable basis for withholding documents, even after the court informed them at the court's hearing on defendants' original motion to compel that it is not. The court reiterated this holding in its August order, but plaintiffs failed to amend their privilege log to reflect the court's holding. Plaintiffs' decision to ignore the court's directives

6

does not serve as "substantial justification" for evasion of their discovery obligations.

Finally, an award of reasonable expenses is not unjust under the circumstances presented in this case. The court has detailed many times the pattern of recalcitrance and purposeful delay displayed by plaintiffs in this case. Even though plaintiffs filed suit in this court, they have impeded resolution of this case a number of times, specifically in their refusal to engage in meaningful discovery.

Accordingly, the court **ORDERS** the following:

1. Defendants shall submit to the court, on or before **October 23, 2015**, a summary of their reasonable expenses, including attorneys' fees, for the following motions: defendants' motion to compel, (Doc. No. 22); defendants' renewed motion to compel, (Doc. No. 44); and defendants' second motion to compel, (Doc. No. 62).

2. Plaintiffs shall submit to the court, on or before **October 30, 2015**, a brief explaining why an award of reasonable expenses and attorneys' fees is not justified in regard to defendants' second motion to compel.

**IV. Dispositive Motions Already Submitted to the Court**

Both parties have submitted motions for summary judgment to the court. (Doc. Nos. 64, 65). However, defendants represented

7

at the teleconference that they likely will need to supplement
both their original motion for summary judgment and their
response to plaintiffs' motion for summary judgment after the
deposition of Don Hodson. Accordingly, the court **ORDERS** the
following:

1. Defendants must submit any supplement to their motion
for summary judgment on or before **October 30, 2015.**

2. Defendants must submit their response to plaintiffs'
motion for summary judgment on or before **October 30, 2015.**

3. Plaintiffs must submit their response to any
supplement to defendants' motion for summary judgment on or
before **November 13, 2015.**

4. All other briefing deadlines remain in accordance with
the Local Rules of Civil Procedure.

**V.    Plaintiffs' Conduct in This Case**

The court remains extremely distressed, frustrated, and
alarmed by the conduct of plaintiffs' counsel in this case.
Should the discovery disputes and failure to communicate
continue, the court will notify the Virginia State Bar's
Disciplinary Committee.

The Clerk is **DIRECTED** to send copies of this Order to all
counsel of record.

**IT IS SO ORDERED** this 15th day of October, 2015.

Enter:

David A. Faber

David A. Faber
Senior United States District Judge