IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE

NATIONWIDE PROPERTY &
CASUALTY INSURANCE CO.
and
NATIONWIDE MUTUAL
INSURANCE CO.,

   Plaintiffs/Counterclaim Defendants,

v.          Civil Action No: 7:14-00516

KELLEE NICHOLE JACOBSEN
and
CRAIG JACOBSEN,

   Defendants/Counterclaim Plaintiffs.

**<u>MEMORANDUM OPINION AND ORDER</u>**

 Pending before the court is plaintiffs' motion to add necessary parties. (Doc. No. 50). For the reasons that follow, plaintiffs' motion is **DENIED**.

**<u>I.</u>**  **<u>Factual and Procedural Background</u>**

 The instant dispute arises out of an automobile accident that occurred on December 8, 2013. On that date, defendant Kellee Jacobsen was riding in a Hyundai Elantra driven by Krista Crennan in Arlington County, Virginia. (Doc. No. 1 at Exh. 5). In snowy conditions, a car driven by Gerald Deshunn Newsome crossed the median and struck Crennan's Elantra head-on. <u>Id.</u> Defendant Kellee Jacobsen sustained multiple injuries in the

accident, including sacral fractures, a right elbow fracture, and a right collarbone fracture. Id.

Months earlier, in February 2013, defendant Craig Jacobsen, Kellee Jacobsen's father, contracted with Nationwide agents to purchase automobile insurance and umbrella insurance coverage for his family. (Doc. No. 12). The insurance coverage afforded no fewer than five hundred thousand dollars ($500,000.00) in coverage, which included expenses for medical payments as well as uninsured and underinsured motorist (hereinafter "UM/UIM") coverage. (Doc. No. 1). According to defendants, the Nationwide agents who sold the policies to Craig Jacobsen assured him that UM/UIM coverage existed, both before and after the accident. (Doc. No. 45 at 4, 7).

In June 2014, defendant Kellee Jacobsen initiated litigation in the Eastern District of Virginia against Newsome to recover damages as a result of the accident. (Case No. 1:14-cv-67). In connection with the litigation, defendant Kellee Jacobsen sought UM/UIM coverage from plaintiffs. (Doc. No. 1). As a result, plaintiffs filed the instant suit seeking a declaratory judgment ordering that plaintiffs have no obligation to provide insurance coverage or benefits to Kellee Jacobsen. (Doc. No. 1).

Defendant Kellee Jacobsen originally sought a contrary declaration, but later amended her pleading to include claims of quasi-contract, waiver, negligence, breach of contract, and constructive fraud. (Doc. No. 45). At the same time, Craig Jacobsen moved the court to intervene as a defendant and counterclaimant, pursuing the same claims. (Doc. No. 35). The court granted Craig Jacobsen's motion and added him as a party to this action. (Doc. No. 43).

## II. **Analysis**

In their motion, plaintiffs argue that Nationwide agents Don Hodson and Sam Duncan are necessary parties to this action. (Doc. No. 50 at 3). Defendants' amended counterclaim alleges that defendant Craig Jacobsen told Nationwide agents Don Hodson and Sam Duncan that he wanted to purchase insurance policies with UM/UIM coverage for his family and gave them his home address as well as those of his children, including Kellee. (Doc. No. 45). Nationwide contends that the policies issued to Craig Jacobsen do not provide UM/UIM coverage to defendant Kellee Jacobsen and defendants have countersued for a contrary declaration or, in the alternative, relief based upon claims of waiver, quasi-contract, negligent failure to procure insurance, breach of contract to procure insurance, and constructive fraud. Id. at 10–14. Plaintiffs contend that defendants' "broad prayer

3

for relief would necessarily include an award against Don Hodson and, or, Sam Duncan." Id. at 2. Accordingly, plaintiffs contend that Hodson and Duncan are necessary parties to this suit.

Defendants oppose plaintiffs' motion, arguing that they seek no relief from either Hodson or Duncan. (Doc. No. 54 at 4). Instead, defendants argue that they seek relief solely against plaintiffs pursuant to the doctrine of respondeat superior. Defendants aver that they have not sued these agents and cannot be forced to do so.

Federal Rule of Civil Procedure 19 governs necessary joinder of parties. Rule 19(a)(1) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2012). When a person "who is required to be joined if feasible cannot be joined, the court must determine whether, in equity

4

and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Initially, the court notes that joinder of Hodson and/or Duncan likely would deprive the court of subject-matter jurisdiction. As the claims proffered by both sides in this litigation are state law claims, the court's subject-matter jurisdiction is based upon diversity jurisdiction.[1] By all indications, both Hodson and Duncan are citizens of Virginia, as they both worked in the Roanoke area and it appears that depositions of both were conducted this year in Roanoke.[2] See Doc. No. 65 at Exhs. 3, 6. As these two individuals are likely Virginia citizens, their joinder in this case would destroy diversity and prevent the court from exercising subject-matter jurisdiction. Therefore, the preliminary element of Rule 19(a)(1) is not met, preventing joinder of Hodson and Duncan.

---

[1] As described in plaintiffs' complaint, both Nationwide Property and Casualty Insurance Company and Nationwide Mutual Insurance Company are Ohio corporations with their principal places of business in Columbus, Ohio. (Doc. No. 1 at 3). Defendants Kellee and Craig Jacobsen are citizens of the Commonwealth of Virginia, residing in Arlington and Roanoke, respectively. (Doc. No. 45 at 1-2). Furthermore, the amount in controversy alleged in this case exceeds $75,000.00, giving the court subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.
[2] Furthermore, defendants represented to the court in a previous hearing that Don Hodson is defendant Craig Jacobsen's neighbor.

5

However, even if Hodson and Duncan were citizens of another state and subject-matter jurisdiction survived, the court would nevertheless find that their joinder is not necessary because the court can afford complete relief among the currently named parties. Courts have consistently concluded that an agent or agents need not be joined in a suit seeking to hold the principal vicariously liable. Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75, 100 (D. D.C. 2014) (citing Rieser v. Dist. of Columbia, 563 F.2d 462, 469 n.39 (D.C. Cir. 1977)); see also Bausch v. Philatelic Leasing, Ltd., 728 F. Supp. 1201, 1209 (D. Md. 1989) ("Principles and agents are not, as a general rule, indispensable parties.") (Niemeyer, J.); Nottingham v. Gen. Am. Comm. Corp., 811 F.2d 873, 880 (5th Cir. 1987) (citing Milligan v. Anderson, 522 F.2d 1202, 1204–05 (10th Cir. 1975) ("[I]t is well established that Rule 19 does not require the joinder of joint tortfeasors. Nor does it require joinder of principal and agents."); Barnes v. Tidewater Transit Co., Inc., Civil Action No. 1:13-cv-00537-JEC, 2014 WL 1092288, at *5 (N.D. Ga. Mar. 18, 2014); Pierrelouis ex rel. Pierrelouis v. Bekritsky et al., No. 8 Civ. 123 (KTD), 2012 WL 6700217, at *5 (S.D.N.Y. Dec. 21, 2012); Harding v. Transforce, Inc., Civil Action No. 2:11-CV-244, 2011 WL 6941701, at *3 (S.D. Ohio Dec. 15, 2011).

6

As defendants point out, all of their claims seek relief from plaintiffs based upon theories of respondeat superior. While defendants allege certain conduct on the part of agents Hodson and Duncan, defendants also contend that plaintiffs, Hodson's and Duncan's principals, are responsible for this conduct, rather than Hodson or Duncan. Defendants seek no recovery from Hodson or Duncan and, should the court rule in defendants' favor, it can accord complete relief from plaintiffs and plaintiffs alone.

Furthermore, the considerations under Rule 19(a)(1)(B) do not apply, either, because no party claims an interest that any disposition of this case will either impede his ability to protect his interests or leave him subject to further or inconsistent obligations. The court notes that neither Hodson nor Duncan claim an interest in this case at all. Indeed, neither move the court for entry in this case; instead, it is Nationwide who seeks to include its agents as parties. Because defendants seek relief solely from plaintiffs, any disposition of this case will not affect Hodson's or Duncan's rights and will not expose them to a possibility of double, multiple, or inconsistent obligations. Finally, because the court has concluded that Hodson and Duncan are not necessary parties to this case, the considerations of Rule 19(b) do not apply. For

all of these reasons, the court concludes that neither Don Hodson nor Sam Duncan are necessary parties to this case and, as a result, plaintiffs' motion must be **DENIED**.

### III. Conclusion

For the reasons expressed above, plaintiffs' motion to add necessary parties is **DENIED**. The Clerk is **DIRECTED** to send copies of this Order to all counsel of record.

**IT IS SO ORDERED** this 10th day of November, 2015.

Enter:

David A. Faber
Senior United States District Judge

8