IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE

NATIONWIDE PROPERTY &
CASUALTY INSURANCE CO.
and
NATIONWIDE MUTUAL
INSURANCE CO.,

      Plaintiffs/Counterclaim Defendants,

v.                               Civil Action No: 7:14-00516

KELLEE NICHOLE JACOBSEN
and
CRAIG JACOBSEN,

      Defendants/Counterclaim Plaintiffs.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiffs' motion to dismiss counterclaim plaintiff Craig Jacobsen as a party to this action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 49). For the reasons that follow, plaintiffs' motion is **DENIED**.

**I. Factual and Procedural Background**

The instant dispute arises out of an automobile accident that occurred on December 8, 2013. On that date, defendant Kellee Jacobsen was riding in a Hyundai Elantra driven by Krista Crennan in Arlington County, Virginia. (Doc. No. 1 at Exh. 5). In snowy conditions, a car driven by Gerald Deshunn Newsome crossed the median and struck Crennan's Elantra head-on. Id.

Defendant Kellee Jacobsen sustained multiple injuries in the accident, including sacral fractures, a right elbow fracture, and a right collarbone fracture. Id.

Months earlier, in February 2013, defendant Craig Jacobsen, Kellee Jacobsen's father, contracted with Nationwide agents to purchase automobile insurance and umbrella insurance coverage for his family. (Doc. No. 12.) The insurance coverage afforded no fewer than five hundred thousand dollars ($500,000.00) in coverage, which included expenses for medical payments as well as uninsured and underinsured motorist (hereinafter "UM/UIM") coverage. (Doc. No. 1). According to defendants, the Nationwide agents who sold the policies to Craig Jacobsen assured him that UM/UIM coverage existed, both before and after the accident. (Doc. No. 45 at 4, 7).

In June 2014, defendant Kellee Jacobsen initiated litigation in the Eastern District of Virginia against Newsome to recover damages as a result of the accident. (Case No. 1:14-cv-67). In connection with the litigation, defendant Kellee Jacobsen sought UM/UIM coverage from plaintiffs. (Doc. No. 1). As a result, plaintiffs filed the instant suit seeking a declaratory judgment ordering that plaintiffs have no obligation to provide insurance coverage or benefits to Kellee Jacobsen. (Doc. No. 1).

2

Defendant Kellee Jacobsen originally sought a contrary declaration, but later amended her pleading to include claims of quasi-contract, waiver, negligence, breach of contract, and constructive fraud.  (Doc. No. 45).  At the same time, Craig Jacobsen moved the court to intervene as a defendant and counterclaimant, pursuing the same claims.  (Doc. No. 35).  The court granted Craig Jacobsen's motion and added him as a party to this action.  (Doc. No. 43).

## II. Analysis

### A. Timeliness of Plaintiffs' Motion

Initially, the court notes that plaintiffs' motion is untimely.  Under Federal Rule of Civil Procedure 12(b), "[a] motion asserting any of [the defenses outlined in 12(b)(1)-(6)] must be made before pleading if a responsive pleading is allowed." (emphasis added).  In this case, plaintiffs filed their answer to defendants' amended counterclaim on July 27, 2015.  (Doc. No. 48).  Plaintiffs filed their motion to dismiss defendants' amended counterclaim one day later, on July 28, 2015.  (Doc. No. 49).  While this is only a difference of one day, plaintiffs' responsive pleading, filed before the instant motion, nevertheless prevents the court from ruling upon their motion to dismiss.  In accordance with the Federal Rules of Civil Procedure, the court must **DENY** plaintiffs' motion.

3

### B. Standing of Counterclaim Plaintiff Craig Jacobsen

Even if plaintiffs' motion was timely filed, the court would nevertheless deny the motion. Plaintiffs argue that the court should dismiss counterclaim plaintiff Craig Jacobsen from this action because he "has no independent standing to seek (nor does he seek) a recovery for claims belonging exclusively to Kellee Jacobsen, an adult who is not under legal disability." (Doc. No. 49 at 3). Furthermore, plaintiffs argue that "Craig Jacobsen does not, and cannot allege he is entitled to any recovery in this matter in the First Amended Counterclaim." Id. Plaintiffs contend that only Kellee Jacobsen was involved in the car accident and, thus, only Kellee Jacobsen can recover UM/UIM benefits. Id.

Defendants argue that Craig Jacobsen has standing to pursue this counterclaim, as Craig Jacobsen purchased from Nationwide agents the policies at issue in this case. (Doc. No. 58 at 3). Furthermore, defendants highlight the relief sought in their counterclaim: not only declaratory relief, but also claims of breach of contract, negligent failure to procure insurance, and constructive fraud. (Doc. No. 58 at 6-8). Because Craig Jacobsen negotiated the insurance coverage at issue, defendants contend that he necessarily has standing to seek relief on these claims.

4

Having reviewed defendants' amended counterclaim, the court finds that counterclaim plaintiff Craig Jacobsen has standing to pursue relief against plaintiffs, the named defendants in the counterclaim. Under Article III of the Constitution, federal courts may only adjudicate actual "Cases" and "Controversies." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1386 (2014). "To demonstrate Article III standing, [a party] (i) must show a concrete, particularized, and actual (or imminent) injury in fact. That injury (ii) must be fairly traceable to defendant's conduct and (iii) must be likely to be redressed by a favorable ruling." Mgmt. Ass'n for Private Photogrammetric Surveyors et al. v. United States, 492 F. Supp. 2d 540, 548 (E.D. Va. 2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)) (internal quotation marks omitted).

The allegations outlined in defendants' amended counterclaim demonstrate Craig Jacobsen's standing. In this case, plaintiffs contend that the insurance policies purchased by Craig Jacobsen do not offer UM/UIM coverage to his daughter, Kellee Jacobsen. Defendants' amended counterclaim alleges that Craig Jacobsen specifically negotiated UM/UIM coverage when he purchased insurance policies from Nationwide agents, that agents knew that he wanted this coverage, and that he expected the

5

policies to contain this coverage. (Doc. No. 45 at 10-14). By plaintiffs' failure to provide UM/UIM benefits to Kellee Jacobsen, Craig Jacobsen alleges that he did not get the benefit of his bargain: according to the amended counterclaim, Jacobsen paid the insurance premiums, Nationwide agents assured him the insurance policies contained UM/UIM coverage, but Nationwide failed to provide this coverage after Kellee Jacobsen's accident. Id. at 11. Both Jacobsens ask this court for a finding that plaintiffs must provide this coverage or, in the alternative, that plaintiffs are liable for the failure of their agents to provide the promised coverage. Id. at 14. The injury that Craig Jacobsen alleges is directly traceable to plaintiffs and likely can be redressed by a favorable ruling by this court. Accordingly, the court finds that Craig Jacobsen has standing as a counterclaim plaintiff.

Furthermore, defendants' amended counterclaim sets forth these claims with sufficient particularity to defeat a motion to dismiss. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether a complaint satisfies Rule 8(a)'s liberal pleading requirements. Rule 8(a) requires a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (2012). A complaint "need only give the [opposing party] fair notice of

6

what the . . . claim is and the grounds upon which it rests."
Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations
omitted).  However, a complaint must also "permit the court to
infer more than the mere possibility of misconduct" based upon
"its judicial experience and common sense."  Ashcroft v. Iqbal,
556 U.S. 662, 678-79 (2009).

Defendants' amended counterclaim provides plaintiffs with
fair notice of the claims against them and allows the court to
infer more than a mere possibility of misconduct.  The amended
counterclaim describes the steps which Craig Jacobsen took to
ensure that he and his family, including Kellee Jacobsen, would
be covered by insurance policies that included UM/UIM coverage.
(Doc. No. 45 at 4-5, 7, 8, 10-11, 12, 13).  The amended
counterclaim also states that Nationwide agents assured Craig
Jacobsen that the policies included UM/UIM coverage, Id. at 4,
10, 12, 13, and that he relied upon these assurances.  Id. at
10, 12, 14.  Defendant Craig Jacobsen remitted premiums for
these insurance policies and, as a result, defendants argue that
plaintiffs are obliged to provide the services for which Craig
Jacobsen paid.  Id. at 11.  Accordingly, the court finds that
the amended counterclaim fulfills Rule 8's pleading requirements

7

and, as a result, plaintiffs' motion to dismiss should be **DENIED**.

### III. Conclusion

For the reasons expressed above, plaintiffs' motion to dismiss counterclaim plaintiff Craig Jacobsen as a party to this action is **DENIED**.

The Clerk is **DIRECTED** to send copies of this Order to all counsel of record.

**IT IS SO ORDERED** this 18th day of November, 2015.

Enter:

David A. Faber
Senior United States District Judge