IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE

NATIONWIDE PROPERTY &
CASUALTY INSURANCE CO.
and
NATIONWIDE MUTUAL
INSURANCE CO.,

    Plaintiffs/Counterclaim Defendants,

v.                            Civil Action No: 7:14-00516

KELLEE NICHOLE JACOBSEN
and
CRAIG JACOBSEN,

    Defendants/Counterclaim Plaintiffs.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the issue of an award of attorneys' fees for defendants' motion to compel and corresponding supplemental motion to compel, defendants' renewed motion to compel, and defendants' second motion to compel. In its October 16, 2015 Order, the court found that an award of attorneys' fees was justified for defendants' motion to compel and supplement and defendants' renewed motion to compel. (Doc. No. 74 at 4). The court further ordered plaintiffs to submit a brief to the court on or before October 23, 2015, explaining why an award of attorneys' fees was not justified for defendants' second motion to compel. Id. Plaintiffs did not file such a

brief on or before the deadline and, to date, have filed nothing at all in response to the court's order. The court has offered plaintiffs an opportunity to respond, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and plaintiffs have chosen not to do so.[1]

Furthermore, plaintiffs have failed to follow the court's directive ordering them to file a proper privilege log on or before October 23, 2015. (Doc. No. 74 at 4). As described in the court's October 16, 2015 order, defendants did not file their motions before attempting in good faith to obtain the necessary disclosures and plaintiffs' failure to disclose was not substantially justified. Therefore, for these reasons as well as reasons cited in the court's October 16, 2015 order, (Doc. No. 74), the court finds there are no circumstances that make unjust an award of reasonable expenses for defendants' second motion to compel.

## I. Analysis

An award of attorney's fees must be reasonable. See Sky Cable, LLC et al. v. Coley et al., Civil Action No. 5:11cv00048,

---

[1] The court further notes that defendants submitted a copy of their statement of fees pursuing three discovery motions to both the court and plaintiffs. Plaintiffs have not responded to the statement of fees, challenged its accuracy, challenged the hourly rates calculated in the statement, or disputed the description of services detailed in the statement.

2

2014 WL 4407130, at *2 (W.D. Va. Sept. 18, 2014) (citing McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014)). The Fourth Circuit has outlined a three-step process to determine a reasonable attorneys' fee award. Id. Initially, the court determines the lodestar figure, which is calculated by multiplying the reasonable number of hours expended by the reasonable hourly rate. Id. Courts evaluate the reasonableness of the hours expended and rates sought under the lodestar method using the twelve factors[2] identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th. Cir. 1974), as adopted by Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n. 28 (4th Cir. 1978). See Robinson v. Equifax Info. Servs., 560 F.3d 235, 24344 (4th Cir. 2009). Second, the court subtracts fees for hours spent on unsuccessful claims unrelated to successful claims. McAfee, 738 F.3d at 88. Finally, the court awards a percentage of the remaining amount to the prevailing party,

---

[2] The twelve Johnson factors include: (1) the time and labor required in the case; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the necessary legal services; (4) the preclusion of employment by the lawyer due to the acceptance of the case; (5) the customary fee for similar work; (6) the contingency of a fee; (7) the time pressures of the case; (8) the award involved and the results obtained; (9) the experience, reputation, and ability of the lawyer[s]; (10) the "undesirability" of the case, (11) the nature and length of the professional relationship between the lawyer and the client; and (12) the fee awards made in similar cases. In re Abrams & Abrams, P.A., 605 F.3d 238, 244 (4th Cir. 2010).

3

depending on the degree of success of prevailing party's claims. Id.

A court's calculation of a lodestar figure enjoys a strong presumption of accuracy. McAfee, 738 F.3d at 88-89. Only "in those rare circumstances where the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee" is this presumption overcome. Id. at 89 (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)).

Having reviewed defendants' submitted statement of fees, the court finds that the hourly rates sought are reasonable. The three attorneys in this case seek attorneys' fees based upon hourly rates of $210, $250, and $300, respectively. These rates are consistent with the prevailing market rates. The court bases this conclusion upon consideration of the Johnson factors as well as judicial experience and knowledge of fees generally charged by attorneys in the Roanoke area. Additionally, several recent cases from the Western District of Virginia have found higher rates to be reasonable. See, e.g., Hudson v. Pittsylvania Cnty., Civil Action No. 4:11-cv-43, 2013 WL 4520023, at *4 (W.D. Va. Aug. 26, 2013) (concluding a $400 hourly rate for a case in Danville, Virginia was unreasonable and reducing it to $350); Three Rivers Landing of Gulfport, LP

4

et al. v. Three Rivers Landing, LLC, et al., Civil Action No. 7:11-cv-00025, 2014 WL 1599564, at *4 (W.D. Va. Apr. 21, 2014) (reducing attorneys' hourly rate from $685 to a blended hourly rate of $385.94 to $332.29); Sky Cable, LLC et al. v. Coley et al., Civil Action No. 5:11cv00048, 2014 WL 4407130, at *4 (W.D. Va. Sept. 18, 2014) (reducing hourly rate for attorneys' fees from $340-$540 to a cap of $350).

The court further finds that defendants' calculation of hours is reasonable, as well. Defendants have offered a comprehensive statement of fees which give a specific and detailed account of defendants' efforts to address plaintiffs' discovery abuses. Having reviewed the statement of fees, the court finds that it is reasonable and does not include fees for activities unrelated to the discovery motions at issue. Upon consideration of this and the other Johnson factors, the court finds that the appropriate lodestar figure in this case is $29,310.00.

For the second factor in a proper determination of attorneys' fees, the court examines the number of hours spent on unsuccessful claims versus those spent on successful claims and deducts the hours spent on unsuccessful claims. In this case, defendants filed three separate motions to compel and one supplemental motion to compel. The court granted all of these

5

motions. As a result, there are no unsuccessful claims to deduct from the lodestar calculation.

Finally, the court must determine the appropriate percentage to award defendants, depending on the degree of success of their claims. The court has granted all of defendants' discovery motions in their entirety. As a result, the appropriate percentage is 100%. Consequently, the appropriate amount of reasonable fees and expenses to be awarded to defendants in this case is $29,310.00.

## II. Conclusion

Accordingly, the court **ORDERS** plaintiffs to pay defendants' reasonable fees and expenses incurred in making the above cited discovery motions in the amount of $29,310.00.

The Clerk is **DIRECTED** to send copies of this Order to all counsel of record.

**IT IS SO ORDERED** this 18th day of November, 2015.

Enter:

*David A. Faber*
David A. Faber
Senior United States District Judge